UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY YATOOMA and
GREEN STONES, INC.,

             Plaintiffs,

v.

BIRCH RUN TOWNSHIP,

             Defendant.

_____/

Case No. 1:22-cv-10870

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DISMISSING COMPLAINT FOR LACK OF STANDING**

To sue in federal court a plaintiff must have standing under Article III of the United States Constitution. Standing requires a concrete injury in fact that is actual or imminent. A plaintiff who sues without Article III standing may not proceed in federal court.

The plaintiffs in this case allege they will be injured by seven allegedly discriminatory criteria in Birch Run Township's scorecard for two retail licenses to sell marihuana. Each criterium awards one of a possible 79 points.

But even without those seven points or, inversely, even with exclusive claim to those seven points, the plaintiffs would not win a retail license to sell marihuana in Birch Run Township. Because those seven criteria will not affect the plaintiffs' likelihood of winning a marihuana license, their alleged injury is neither actual nor imminent.

Because the plaintiffs lack Article III standing, their complaint will be dismissed.

**I.**

On April 22, 2022, Plaintiffs Jeffrey Yatooma and Green Stones, Inc. brought this marihuana-licensing case against Defendant Birch Run Township, arguing that they are

disadvantaged in the application process because, among other things, they are not honorably discharged military veterans and do not hold advanced medical degrees. ECF No. 1.

Plaintiff concurrently filed a motion for a preliminary injunction styled as a motion for a temporary restraining order. *See* ECF No. 2. The Motion requests this Court to enjoin Birch Run Township "from scoring applications and awarding licenses under its unconstitutional licensing scheme." *Id.* at PageID.94.

Plaintiffs were directed to show cause why this case should not be dismissed for lack of Article III standing. ECF No. 6. Two weeks later, Plaintiffs submitted supplemental briefing, ECF No. 8, and amended their Complaint by right, ECF No. 9. Defendant responded to the Order to Show Cause. ECF No. 11.

After reviewing the parties' briefing, Plaintiffs lack Article III standing. Even if Plaintiffs received the seven points for the contested criteria, they would not win a license. Because those criteria could not possibly harm Plaintiffs' chances of winning a license, their alleged injury is not actual or imminent. Accordingly, the Complaint will be dismissed, and the Motion for Preliminary Injunction will be denied as moot.

**I.**

Federal courts have limited jurisdiction and, therefore, "have a duty to consider their subject matter jurisdiction in regard to every case." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts have a "'special obligation' to inquire into subject matter jurisdiction, even if neither party raises the issue." Martin H. Redish & Sopan Joshi, *Litigating Article III Standing: A*

*Proposed Solution to the Serious (but Unrecognized) Separation of Powers Problem*, 162 U. PA. L. REV. 1373, 1391 (2014).

"One elemental precondition for acting is a case-or-controversy. And one elemental precondition for meeting the case-or-controversy requirement is a claimant with standing." *In re 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) (cleaned up); *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 927 F.3d 396, 405 (6th Cir. 2019) ("Because standing doctrine comes from Article III's case-or-controversy requirement, it is jurisdictional and must be addressed as a threshold matter.").

Three elements of constitutional standing "serve as its irreducible minimum in all cases." *Miller v. City of Wickliffe*, 852 F.3d 497, 502 (6th Cir. 2017). "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).[1] "Second, a plaintiff must demonstrate causation— i.e., that her injury is 'fairly traceable to the challenged action of the defendant, and not the result of independent action of some third party not before the court.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). "Lastly, the plaintiff must prove that it is likely, rather than merely speculative, that a favorable decision could redress the injury." *Id.* (citing *Lujan*, 504 U.S. at 561).

## II.

Plaintiffs have alleged a concrete and particularized harm. *Déjà Vu of Nashville, Inc. v. Metro. Gov't of Nashville ex rel. Traffic & Parking Comm'n*, 805 F. App'x 379, 382–83 (6th Cir. 2020) (unpublished) (upholding district court's finding that adult-entertainment club suffered

---

[1] *See also* Jackson Erpenbach, Note, *A Post-*Spokeo *Taxonomy of Intangible Harms*, 118 MICH. L. REV. 471 (2019) (discussing that harms can be tangible or intangible for purposes of Article III standing).

concrete and particularized injury in fact from denial of permit to operate valet services). If Plaintiffs are denied a license to operate a marihuana dispensary in Birch Run Township based on one or more of the allegedly discriminatory criteria, then they have suffered the denial of a license for which others have not applied.

But Plaintiffs' alleged concrete injury must also be actual or imminent, meaning that Plaintiffs must have been denied or about to be denied a marihuana license based upon at least one of the seven allegedly discriminatory criteria.[2] "An allegation of future injury" might be actual and imminent "if the threatened injury is 'certainly impending,' or there is a '"substantial risk" that the harm will occur.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 414 & n.5 (2013)). The indicators of an imminent harm from a policy or legislation include past enforcement, the risk of continued enforcement, and the threat of future enforcement. *See id.* at 163–64. But a plaintiff cannot manufacture standing based on an overreaction to speculative fears of potential enforcement. *Clapper*, 568 U.S. at 414. Even for injunctive relief against the risk of future enforcement, the risk of future injury to the plaintiff must at least be "likely." *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (holding that an encounter with a police officer who injured the plaintiff in the past did not make the future risk of the same injury to the same person to be likely).

Plaintiffs have applied for and will be denied a marihuana-dispensary license under Defendant's ordinance. ECF No. 8 at PageID.237. Defendant admits to effectuating the ordinance and its licensing scheme. ECF No. 11 at PageID.360. Plaintiffs contend that, due to the seven allegedly discriminatory criteria, they can win at most 63 of the scorecard's 79 possible points.

---

[2] Notably, the actual-and-imminent analysis might focus on the alleged harm rather than the specific legal criteria upon which the alleged harm is based. But this distinction will not be explored, as Plaintiffs' alleged harm also separately fails for lack of causality and redressability. *See* discussion *infra*.

ECF No. 9 at PageID.269. But Plaintiffs do not identify the scores of any other applicants. Defendant has submitted the scorecards of all eight applicants:

| Applicant | Application Score |
|---|---|
| 1864 US-23 LLC | 79 |
| Artic Lake LLC | 76 |
| Attitude Wellness LLC | 73 |
| DSMC Enterprises LLC | 73 |
| New Standard Holdings LLC | 67 |
| Jeffrey Radway | 66 |
| 222 Companies LLC | 60 |
| Green Stones, Inc. (Plaintiffs) | 58 |

ECF Nos. 11 at PageID.365; 11-2 at PageID.376. Even though the scorecards reveal that Plaintiffs qualify for only 60 points, this Court will assume that Plaintiffs can obtain 63 points, which they have alleged. *See* ECF No. 9 at PageID.269.

Plaintiffs do not face an actual or imminent injury. Plaintiffs' alleged injury stems from their purported inability to earn seven points from seven criteria. Even if the scorecard did not contain those seven criteria, however, Plaintiffs would not win a retail license. The same would be true if only Plaintiffs earned those seven points. Only the top two scoring applicants will win a license. ECF No. 11 at PageID.360. Whether seven points are added to only Plaintiffs' score or deducted from all the other applicants' scores, Plaintiffs would merely qualify as the fifth highest scoring applicant as follows:

| Applicant | Application Score |
|---|---|
| 1864 US-23 LLC | 79 |
| Artic Lake LLC | 76 |
| Attitude Wellness LLC | 73 |
| DSMC Enterprises LLC | 73 |
| Green Stones, Inc. (Plaintiffs) | 70 |
| New Standard Holdings LLC | 67 |
| Jeffrey Radway | 66 |
| 222 Companies LLC | 60 |

In this way, Plaintiffs engage in a purely metaphysical exercise in arguing that they will be denied a license based on the use of the scorecard or any of the seven allegedly impermissible considerations.

But even if Plaintiffs have established an Article III injury from the seven criteria, they have failed step two of the standing inquiry: traceability. "To establish traceability, the [plaintiff] must show a 'causal connection between the injury and the conduct complained of.'" *Glennborough Homeowners Ass'n v. USPS*, 21 F.4th 410, 416–17 (6th Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Yet, as explained, the seven allegedly discriminatory criteria are not the cause of Plaintiff's inability to obtain a retail marihuana license. Those criteria—whether given only to Plaintiffs or taken only from the other applicants—would not result in Plaintiffs' receipt of a retail marihuana license.

For many of the same reasons, Plaintiffs also fail to satisfy the final standing prong: redressability. "[T]he redressability requirement obliges a plaintiff fairly to allege that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Id.* at 417 (quoting *Lujan*, 504 U.S. at 560); *accord Allen v. Wright*, 468 U.S. 737, 751 (1984) ("A plaintiff must allege personal injury . . . likely to be redressed by the requested relief."). Plaintiffs' alleged injury is the denial of a "fair, reasonable, and nondiscriminatory" selection process. ECF No. 2 at PageID.112–13. To that end, they seek to enjoin or to invalidate Defendant's licensing ordinance. But, as discussed earlier, those seven criteria do not affect the likelihood of Plaintiffs obtaining a retail marihuana license. Morevoer, whether this Court were to enjoin Defendant from effectuating its licensing ordinance or to void the ordinance's seven allegedly discriminatory criteria, Plaintiffs still might not receive a fair, reasonable, and nondiscriminatory selection process. For example, Defendant could instead choose not to issue any retail marihuana licenses

under its current selection process, not to create a new selection process at all, or to create a new selection process that does not afford fair, reasonable, or discriminatory consideration to Plaintiffs. In other words, there is no likelihood that Plaintiff's requested relief would do anything to redress their alleged injury.

To contest dismissal, Plaintiffs cite *Attitude Wellness, LLC v. Village of Pinckney*, in which the Eastern District of Michigan found Article III standing in a substantially similar case. *See Attitude Wellness, LLC v. Vill. of Pinckney*, No. 21-CV-12021, 2022 WL 1050305, at *9 (E.D. Mich. Apr. 7, 2022) ("Again, Lume is not seeking the retail cannabis license as relief. Instead, Lume seeks a nondiscriminatory evaluation process.").

But *Attitude Wellness* is inapt here. Although the standing analysis was sound, the court found that the plaintiff was a fully qualified applicant who was denied "fair, reasonable, and nondiscriminatory" consideration because the plaintiff's application score tied with a license-winning applicant. *See id.* ("But accepting Lume's allegations as true, Lume and The Means Project would tie with 70 points."). In that circumstance, based on the complaint, "the Matrix's tiebreaker relie[d] on unlawful criteria." *Id.*

In this case, Plaintiffs have no possibility of winning a license—neither by earning nor eradicating the seven allegedly discriminatory criteria. Without the denial of Plaintiffs' application or the possibility of Plaintiffs winning a license, their alleged injury is simply imaginary, not caused by the complained conduct, and not redressable by their requested relief.

### III.

Accordingly, it is **ORDERED** that Plaintiffs' Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

- 8 -

Further, it is **ORDERED** that Plaintiffs' Motion for Preliminary Injunction, ECF No. 2, is

**DENIED AS MOOT**.


Dated: June 3, 2022                              s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge