UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY YATOOMA and
GREEN STONES, INC.,

       Plaintiffs,                      Case No. 1:22-cv-10870

v.                                                  Honorable Thomas L. Ludington
                                                      United States District Judge

BIRCH RUN TOWNSHIP,

       Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs Jeffrey Yatooma and Green Stones, Inc. brought this marihuana-licensing case against Defendant Birch Run Township, arguing that they are disadvantaged in the application process because, among other things, they are not honorably discharged military veterans and do not hold advanced medical degrees. ECF No. 1. Plaintiffs sought a preliminary injunction to enjoin Birch Run Township "from scoring applications and awarding licenses under its unconstitutional licensing scheme." ECF No. 2 at PageID.94. The parties then filed supplemental responses as directed on whether Plaintiffs had Article III standing. ECF Nos. 6; 8; 11. The parties neither filed nor requested to file a reply brief.

After reviewing the parties' briefing, Plaintiffs' Complaint was dismissed for lack of Article III standing because "their alleged injury [wa]s simply imaginary, not caused by the complained conduct, and not redressable by their requested relief." *Yatooma v. Birch Run Twp.*, No. 1:22-CV-10870, 2022 WL 1913601, at *4 (E.D. Mich. June 3, 2022). In sum, though Plaintiffs asserted that seven of the application criteria were unconstitutional, Plaintiffs could not have

obtained a license "[w]hether seven points [we]re added to only Plaintiffs' score or deducted from all the other applicants' scores." *Id.* at *3. Injunctive relief was therefore denied as moot. *Id.* at *4.

Two weeks later, Plaintiffs filed a motion for reconsideration of the dismissal order and the judgment, *see* ECF No. 14, which are both nonfinal orders, *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) (unpublished) ("Article III standing is jurisdictional, and a federal court lacking subject-matter jurisdiction is powerless to render a judgment on the merits.") (collecting cases).

Motions for reconsideration of nonfinal orders are disfavored and may be granted in only three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that warrant a different outcome. E.D. Mich. LR 7.1(h)(2). Plaintiff has not introduced new facts or intervening law. *See generally* ECF No. 14.

Plaintiffs' Motion for Reconsideration asserts this Court made four mistakes: (1) not permitting Plaintiffs to file a reply to Defendant's supplemental brief, (2) not confining the standing inquiry to the face of the complaint, (3) not addressing Plaintiffs' amended complaint in the dismissal order or the judgment, and (4) finding that Plaintiffs do not have Article III standing. *See generally* ECF No. 14.

Plaintiffs chose not to file a reply brief to Defendant's response. Plaintiffs did not need permission to file a reply brief because neither the local rules nor the show-cause order prohibited such a filing. And if Plaintiffs "believe[d] that a reply [wa]s necessary," then they could have "file[d] a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply [wa]s required." *See Wright v. Murray Guard, Inc.*, 455 F.3d 702, 714–15 (6th Cir. 2006). Yet they chose neither option. Moreover, Plaintiffs endured no prejudice because they

responded to this Court's Order for the parties to show cause with respect to Plaintiffs' Article III standing. *See* ECF No. 8. In this way, Plaintiffs had, exercised, and waived numerous opportunities to demonstrate standing.

Plaintiffs correctly add that courts reviewing motions to dismiss are confined to the four corners of the complaint. *See* ECF No. 14 at PageID.1053–54.

But no such tie binds a federal court while it scrutinizes standing *sua sponte*. *LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 1138201, at *4 (E.D. Mich. Apr. 18, 2022) (noting that the court may "consider . . . evidence outside of the pleadings[] and has the power to weigh the evidence and [to] determine the effect of that evidence on the court's authority to hear the case" (quoting *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994))); *accord Multiband Corp. v. Block*, No. 11-15006, 2012 WL 1843261, at *5 (E.D. Mich. May 21, 2012) (noting that federal courts "ha[ve] wide latitude to collect evidence to determine the issue of subject matter jurisdiction." (first citing *Ritchie*, 15 F.3d at 598; and then citing *Rogers v. Stratton Indus.*, 798 F.2d 913, 917–18 (6th Cir. 1986)); *see also Tennessee ex rel. Tenn. Gen. Assembly v. U.S. Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019) ("Standing is a jurisdictional requirement." (citing *Coal Operators & Assocs. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002)))).

Plaintiffs' Amended Complaint was directly addressed and dismissed by implication. Although Plaintiffs are correct that the Dismissal Order and the Judgment dismissed the case by citing the ECF number for Plaintiffs' Complaint, that was merely a scrivener's error. Indeed, the Dismissal Order clearly demonstrates that it was based on Plaintiffs' Amended Complaint. *Yatooma*, 2022 WL 1913601, at *1 ("Plaintiffs submitted supplemental briefing, ECF No. 8, and amended their Complaint by right, [Pls.' Am. Compl.,] ECF No. 9. Defendant responded to the Order to Show Cause. ECF No. 11. After reviewing the parties' briefing, Plaintiffs lack Article III

standing."). Moreover, the only two record citations addressing the merits of a complaint were to the *Amended* Complaint—not to the first Complaint. *See id.* at *3 ("Plaintiffs contend that, due to the seven allegedly discriminatory criteria, they can win at most 63 of the scorecard's 79 possible points." (citing Pls.' Am. Compl., ECF No. 9 at PageID.269)); *id.* at *3 ("Even though the scorecards reveal that Plaintiffs qualify for only 60 points, this Court will assume that Plaintiffs can obtain 63 points, which they have alleged." (citing Pls.' Am. Compl., ECF No. 9 at PageID.269)).

Finally, Plaintiffs attempt to relitigate the elements of Article III standing. *See* ECF No. 14 at PageID.1054–59.

But those arguments do not warrant reconsideration because this Court already considered and rejected them. *See Fischer v. United States*, No. 1:19-CV-13020, 2022 WL 188126, at *1 (E.D. Mich. Jan. 19, 2022) ("A motion for reconsideration that merely reasserts the same facts and legal arguments previously asserted is not proper unless there was some defect in the first hearing by which the court and the parties have been misled.") (collecting cases). *Compare* ECF No. 14 at PageID.1054–59, *with Yatooma*, 2022 WL 1913601, at *2–4.

For these reasons, Plaintiffs' Motion for Reconsideration will be denied.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Reconsideration, ECF No. 14, is **DENIED**.

Dated: August 26, 2022            s/Thomas L. Ludington
                                                               THOMAS L. LUDINGTON
                                                               United States District Judge